# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF STATE OF CALIFORNIA,<br><br>            Plaintiff,<br>   v.<br><br>JAMES L. THOMPSON,<br><br>            Defendant. | Case No. 10cv2695 BTM(BGS)<br><br>**ORDER REMANDING CASE** |

In this criminal case, which was commenced in state court, Defendant is charged with the misdemeanors of driving under the influence with 0.15 or more blood alcohol (Cal. Veh. Code 23152(a)) and driving while having a measurable blood alcohol (Cal. Veh. Code § 23152(b)). On December 30, 2010, Defendant removed the case to federal court. For the reasons discussed below, the Court remands the case.

Under 28 U.S.C. § 1443, a defendant seeking to remove a criminal action to federal court must satisfy the following criteria: (1) the defendant must assert, as a defense to the prosecution, rights that are given to him by explicit statutory enactment protecting equal racial civil rights; *and* (2) the defendant must assert that the state courts will not enforce that right and support such allegation by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Georgia v. Rachel, 384 U.S. 780 (1966); Greenwood v. Peacock, 384 U.S. 808 (1966). Defendant has not established that this action is removable under § 1443.

1   Defendant, a military officer, also cites to 28 U.S.C. §§ 1442 and 1442a as bases for
2 removal.  However, these statutes are inapplicable because Defendant is not being charged
3 on account of an act done under color of his office.   The fact that Defendant was allegedly
4 en route to his military assignment when he was arrested does not bring this case within the
5 scope of §§ 1442 or 1442a.  See State v. Simanonok, 850 F.2d 1429 (11th Cir. 1988)
6 (affirming remand of criminal prosecution for driving under the influence because the
7 defendant military officer was not involved in any official duties at the time of his arrest).
8   Therefore, the Court concludes that it lacks removal jurisdiction over this case and
9 **REMANDS** the case to the Superior Court of California, County of San Diego, North County
10 Division.
11 **IT IS SO ORDERED.**

DATED: January 4, 2011

*(signature)*

Honorable Barry Ted Moskowitz
United States District Judge